**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY, et al.,

                    Plaintiffs,

v.                                  CIVIL ACTION NO.  2:17-cv-04286

DAY SURGERY LIMITED
LIABILITY COMPANY, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Allied World Surplus Lines Insurance Company and Allied World Assurance Company's (collectively, "Allied World") Motion for Leave to Supplement or, in the Alternative, to Amend. (ECF No. 80.) For the reasons below, the Court **GRANTS IN PART** the motion insofar as it requests leave to amend the Amended Complaint and **DENIES IN PART** the motion insofar as it requests leave to supplement.

*I.   BACKGROUND*

In this case Allied World seeks declaratory judgment to determine its rights and obligations with respect to two insurance policies issued to Defendant Day Surgery Limited Liability Company d/b/a Day Surgery Center, LLC ("Day Surgery"). (ECF No. 44 at 1.) The insurance coverage issue arises out of alleged sexual misconduct by a physician formerly employed by Day Surgery. (*Id.* at 3–4 ¶¶ 24–25.) Several former patients, who are also named Defendants in this

1

matter, have alleged that Steven R. Matulis, M.D., "engaged in sexual misconduct while performing procedures on them." (*Id.* at 4 ¶ 25.) In the Amended Complaint ("Complaint"), (ECF No. 44), Allied World asserts the following two causes of action related to the insurance it issued: (I) a declaration that the patients' claims are "Related Claims" under the Policy and subject to a $1,000,000 limitation of liability, and (II) a declaration that those claims are not covered under the Umbrella Policy pursuant to Exclusion D.19, "which precludes coverage for any Claim based upon, arising out [of], directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged sexual misconduct or sexual abuse." (ECF No. 81 at 4.)

Allied World originally filed this suit on November 7, 2017, against Day Surgery and the following individuals: J.L., A.G., Je. W., and Ja. W. (ECF No. 1.) On April 2, 2018, the Court granted Allied World's motion to amend and docketed the updated Complaint the same day, which remains the operative Complaint in this matter. (ECF Nos. 43, 44.) It names the original Defendants and adds D.C., R.L., and T.W. as new Defendants based on sexual assault allegations they made against Dr. Matulis after this case was initiated. (ECF No. 44.)

Subsequently, on June 14, 2018, Allied World filed the pending motion to add as Defendants two new claimants, the husbands of several existing Defendants, and a company that has sought coverage from Allied World related to the claimants' underlying cases. (ECF No. 80; ECF No. 81 at 2.) Allied World also seeks to update the Complaint's allegations to reflect new lawsuits, amended pleadings, and updated claims that have been made by existing Defendants. (ECF No. 81 at 2.) Defendants Day Surgery, Ja. W., and Je. W. responded to the motion on June 28, 2018. (ECF Nos. 90, 93.) Allied World then filed its reply on July 11, 2018. (ECF No. 99.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

When a plaintiff seeks to amend a complaint after expiration of a court's scheduling deadline with respect to amended pleadings, that plaintiff "first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995); *see* Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (following other federal courts of appeals in holding that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend pleadings"). "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished opinion); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (unpublished opinion) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or the party's attorney) has not acted diligently in compliance with the schedule.'" (alterations in original) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.2 (3d ed. 2010))); *Marcum*, 163 F.R.D. at 255 ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence.").

Once a plaintiff demonstrates good cause, then amendment should be allowed in accordance with the standard set forth by Rule 15(a), which provides that "a party may amend its

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whereas the Rule 16(b) analysis focuses on the diligence of the moving party, the Rule 15(a) inquiry focuses "substantially on the prejudice to the opposing party if leave to amend is granted." *Marcum*, 163 F.R.D. at 254 n.8. As this Court has previously recognized:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Burton v. United States*, 199 F.R.D. 194, 199 (S.D. W. Va. 2001) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Although the decision whether to grant leave rests within the sound discretion of the district court, the federal rules strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993) (citing *Nat'l Bank v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988)).

## III. DISCUSSION

Applying this standard to the present case,[1] the Court determines that Allied World has demonstrated the requisite diligence with respect to the new Defendants and claims it seeks to add

---

[1] The Scheduling Order in this case set a deadline of March 15, 2018 for parties to amend "any pleading." (ECF No. 27 at 1.) Allied World did not seek to amend the operative Complaint until June 14, 2018. (ECF No. 80.) Because it sought to amend its pleading after the set deadline, Allied World must meet the "good cause" standard of Rule 16(b). *See Nourison Rug Corp.*, 535 F.3d at 298; *Tucker v. Momentive Performance Materials USA Inc.*, No. 2:13-cv-04480, 2016 WL 3017403, at *2 (S.D. W. Va. May 24, 2016). Allied World's argument that Rule 16(b) is inapposite in this situation is unavailing. Allied World argues that because it was not notified of the new claims and lawsuits giving rise to the proposed amendment until after the March 15, 2018 deadline, its motion must be construed as one to supplement the Complaint. (*See* ECF No. 81 at 7–8.) However, Allied World is not only introducing new events that have occurred since the Complaint's last amendment, but it also is seeking to add new Defendants to the action. This makes amendment of the Complaint more appropriate than supplementation. *See Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007) ("The purposes to which [Rule 15(d)] is typically put support the conclusion that the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties . . . ." (quoting *United States v. Hicks*, 283 F.3d 380, 385–86 (D.C. Cir. 2002))), *cert. denied*, 553 U.S. 1005 (2008). Thus, the Court **DENIES IN PART** Allied World's motion insofar as it requests to supplement its Complaint pursuant to

to the Complaint to justify an out of time modification to the Scheduling Order. Allied World asserts in its motion the following:

> Day Surgery reported the Y.T. Claim and P.P. Claim to Allied World on April 3, 2018, reported the A.G. Amended Complaint on April 6, 2018, reported the 2018 J.W. Notice of Claim on April 27, 2018, reported the four New Lawsuits on May 3, 2018, reported the J.W. Amended Complaint on May 18, 2018, reported the Y.T. screening Certificate of Merit and its supplement on June 8, 2018, and DS Holdings reported the DS Holdings J.W. Notice of Claim and the four New Lawsuits on May 18, 2018.

(ECF No. 81 at 7–8.) As such, Allied World claims that it was not properly notified of these occurrences until after the Complaint was previously amended yet filed its motion soon thereafter. Although Day Surgery's response to the motion contends that Allied World "knew it would have to continually move this Court to amend its complaint to include additional state court plaintiffs," (ECF No. 93 at 3), there is no evidence in the record before this Court that would cause it to question the validity of Allied World's claim.

Allied World became knowledgeable of at least two of the new claimants and law suits as early as April 3, 2018, but did not receive screening certificates of merit for those notices until June 8, 2018. (ECF No. 81 at 4–5.) Allied World further states that it received notice of the other updated matters between April 6 and May 18, 2018. (*Id.* at 5–7 & n.3.) Given these facts, the Court finds that the "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed" on March 15, 2018. *See Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) (internal quotation marks omitted) (citation omitted).

---

the standard in Rule 15(d). *See Forte v. Cty. of Merced*, No. 1:11–cv–00318–AWI–BAM, 2015 WL 461599, at *6 (E.D. Cal. Feb. 3, 2015) (citing *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988)) ("Permitting or denying leave to file a supplemental pleading or claim is left to the sound discretion of the court.").

Such a failure to amend the Complaint earlier was not the result of carelessness and is justified by good cause. *Cf. Tucker v. Momentive Performance Materials USA Inc.*, No. 2:13-cv-04480, 2016 WL 3017403, at *3–4 (S.D. W. Va. May 24, 2016). Accordingly, Allied World has been diligent in pursuing its claims against the various claimants and their spouses during the time period for amended pleadings set by this Court's Scheduling Order. As such, the Court finds good cause to justify modifying that scheduling order to allow for an out of time amendment to include the proposed Defendants and related factual allegations.

Finally, Je. W. and Ja. W.'s response to the motion proposes that the Court consider a temporary stay in this case until certain motions are resolved in state court. (*See* ECF No. 90 at 2–5.) Day Surgery, on the other hand, suggests in its response that the Court do the following:

> [S]uspend the Scheduling Order and direct all the parties to meet and confer to set a new deadline for joinder and amendments that considers the uncertain nature of the underlying liability claims against Dr. Matulis, and allows enough time for the parties and Court to be reasonably certain that all necessary parties and claims are represented, and all material facts have been settled.

(ECF No. 93 at 6.) While Allied World opposes a stay, it "does not object to Day Surgery's request that the Court suspend the Scheduling Order and order the parties to meet and confer on an appropriate schedule." (ECF No. 99 at 2, 7.) The Court does not find that a stay is necessary or beneficial in this situation. However, the Court notes that subsequent to the filing of the motion to supplement or amend, the parties filed a Joint Motion to Extend Scheduling Order and Trial on September 7, 2018. (ECF No. 107.) Based on that joint motion, an Amended Scheduling Order is forthcoming. That order will address the parties' concern regarding a new deadline for joinder and amendments as well as the requested extension of other deadlines.

*IV.   CONCLUSION*

For the reasons stated herein, the Court **GRANTS IN PART** Allied World's motion insofar as it requests leave to amend the Complaint, (ECF No. 80), and the Court **DIRECTS** the Clerk to docket the attached "Exhibit Complaint," (ECF No. 80-1), as Allied World's operative pleading in this case.[2]

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 17, 2018

_____

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[2] Allied World requests that the Court set forth a specified time within which the new and existing Defendants must respond to its proposed pleading pursuant to Federal Rule of Civil Procedure 15(d).  (ECF No. 81 at 10–11.) However, as stated in the previous footnote, the Court does not construe the motion under Rule 15(d).  Thus, the parties shall respond to the newly amended pleading within fourteen days of service as required by Rule 15(a).  *See* Fed. R. Civ. P. 15(a)(3).