IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY, et al.,

              Plaintiffs,

v.                                  CIVIL ACTION NO. 2:17-cv-04286

DAY SURGERY LIMITED
LIABILITY COMPANY, et al.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Je. W. and Ja. W., J.L., A.G., and P.P.'s (collectively, "Defendants") motions to dismiss for failure to join indispensable parties. (ECF Nos. 124, 129, 132, 145.) For the reasons provided herein, the Court **DENIES** the motions.

*I.    BACKGROUND*

Plaintiffs Allied World Surplus Lines Insurance Company and Allied World Assurance Company (collectively, "Allied World") filed this declaratory action to determine its rights and obligations with respect to two insurance policies issued to Defendant Day Surgery Limited Liability Company d/b/a Day Surgery Center, LLC ("Day Surgery"). (ECF No. 115 at 1 ¶ 1.) The insurance coverage issue arises out of alleged sexual misconduct by a physician, who formerly practiced medicine at Day Surgery. (*Id.* at 4 ¶¶ 34–35.) Several former patients have alleged that Steven R. Matulis, M.D. ("Matulis"), "engaged in sexual misconduct while performing

1

procedures on them." (*Id.* ¶ 35.) These claimants have asserted claims against Day Surgery in state court seeking to hold it and others liable for the alleged sexual misconduct ("underlying claims"). DS Holdings, Inc. ("DS Holdings"), Matulis, Charleston Gastroenterology Associates ("CGA"), and Charleston Area Medical Center ("CAMC") are also named as defendants in some of these underlying claims. (*See id.* at ¶¶ 38, 43, 55, 61, 65, 69.)

In the present action, Allied World's operative complaint names Day Surgery and DS Holdings, the two parties that have sought coverage under the policies in connection with the underlying claims, and the claimants against Day Surgery and DS Holdings in the underlying claims as defendants. (*See id.* at 2 ¶¶ 4–16.) In the complaint, Allied World asserts the following three causes of action related to the insurance it issued: (I) a declaration that the patients' claims are "Related Claims" under the primary policy and subject to a $1,000,000 descending limitation of liability with litigation costs and attorneys' fees, (II) a declaration that those claims are not covered under the umbrella policy pursuant to Exclusion D.19, "which excludes coverage for any Claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged sexual misconduct or sexual abuse," and (III) a declaration that DS Holdings is not a covered "Insured" under the policies for purposes of the underlying claims. (*Id.* at 19–20 ¶¶ 100–105, 21 ¶¶ 106–108, 21–22 ¶¶ 109–115.)

On October 30, 2018, Defendants Ja. W. and Je. W. filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(a) for failure to join Matulis, CGA, and CAMC to this action. (ECF No. 124.) Defendants assert that Matulis, CGA, and CAMC are necessary and indispensable parties because Allied World seeks to establish that they are not insureds under the policies. (*Id.* at 4–5.) Thereafter, Defendants J.L., A.G., and P.P. filed materially similar

motions to dismiss adopting and incorporating the facts, legal precedent, and arguments set forth in Je. W. and Ja. W.'s motion. (ECF Nos. 129, 132, 145.) Allied World responded to the motions on November 27, 2018. (ECF No. 155.) Defendants filed timely replies on December 4, 2018. (ECF Nos. 158, 159, 160, 161.) As such, the motions to dismiss are fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal of an action when a necessary and indispensable party has not been joined as required by Rule 19. *See Tough Mudder, LLC v. Sengupta*, 614 F. App'x 643, 645 (4th Cir. June 26, 2015). In considering a 12(b)(7) motion, the court must first determine, pursuant to Rule 19(a), whether the absent party "is necessary to a proceeding because of its relationship to the matter under consideration." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotations omitted) (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999)). If the absent party is necessary, then the court must order its joinder. Fed. R. Civ. P. 19(a)(2). However, if joinder will destroy complete diversity, then the court must determine, pursuant to Rule 19(b), whether "in equity and good conscience" the case can continue in the party's absence. Fed. R. Civ. P. 19(b); *see also Home Buyers Warranty Corp.*, 750 F.3d at 433. If not, then "the party is indispensable and the action should be dismissed." *Teamsters*, 173 F.3d at 918.

In deciding whether to dismiss an action, Rule 19 is to be applied "pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." *Home Buyers Warranty Corp.*, 750 F.3d at 433.

Dismissal for non-joinder is disfavored, *see Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999), and the moving party bears the burden of demonstrating that joinder is required, *see Am. Gen. Life and Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

### III. DISCUSSION

Defendants aver that Matulis, CGA, and CAMC are necessary and indispensable to this declaratory action "to fully adjudicate the existence or non-existence of coverage for Matulis, CGA, and CAMC" under the Allied World policies. (ECF No. 124 at 3.) Additionally, Defendants argue that the resolution of the present dispute may result in inconsistent "contractual rights, interests, and obligations of those absent parties." (*Id.* at 4.) Their absence, Defendants assert, requires the dismissal of portions of Allied World's complaint or the joinder of Matulis, CGA, and CAMC. (*Id.*)

Allied World responds that Defendants' argument "ignores the declaratory relief [it] actually seeks" and is "based on the manifestly false premise" that the complaint asks the Court to declare that Matulis, CGA, and CAMC are not insureds under the policies. (ECF No. 155 at 4.) Allied World maintains that it does not seek a judicial determination that these absent parties are not insureds under the policies or any declaration concerning their rights. Therefore, Allied World argues there is no basis for requiring Matulis, CGA, and CAMC's joinder in this action, particularly "since they have shown no interest in seeking coverage under the policies at issue." (*Id.* at 2.)

After considering the specific facts of this case, the Court does not find that Matulis, CGA, and CAMC are necessary parties under Rule 19. Rule 19(a)(1) sets forth two standards for determining whether an absent party is necessary. First, a non-joined party is necessary to an

action if "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, a non-joined party may be necessary if it "claims an interest relating to the subject of the action" and its absence may either "impair or impede [its] ability to protect the interest," Fed. R. Civ. P. 19(a)(1)(B)(i), or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

As an initial matter, Defendants' argument that Allied World seeks a declaration that Matulis CGA and CAMC are not covered insureds under the policies mischaracterizes the allegations in Paragraph 86 of the complaint as a claim for declaratory judgment.[1] This allegation in a background paragraph of the complaint does not seek declaratory relief on this point. Rather, the relief that may be accorded in the present case is readily identifiable in Counts I, II, and III and the "Relief Requested" Paragraph of the complaint. (*See* ECF No. 155 at 22–23.) These claims concern Allied World's coverage obligations as to Day Surgery and DS Holdings, the only two insureds seeking coverage under the policies at issue for the underlying claims. The term complete relief in the context of Rule 19 refers only "to relief between the persons already parties, not as between a party and the absent person whose joinder is sought." *United States v. Arlington Cty., Va.*, 669 F.2d 925, 929 (4th Cir. 1982) (citation omitted); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Carico*, No. 3:07-0240, 2007 WL 9718506, at *3 (S.D. W. Va. July 10, 2007) (explaining that "the Rule 19(a) inquiry is designed to ensure complete relief to those already party to the suit, not those parties that have not been joined."); *Perrian v. O'Grady*, 958 F.2d 192,

---

[1] Paragraph 86 of the Supplemental Complaint states the following: "Matulis, CGA, CAMC, and DS Holdings are not **Insureds** under the Primary Policy for purposes of the claims discussed in paragraphs 34 to 76 of this Complaint (collectively, the "Matulis Claims"). *See* Primary Policy, II.L." (ECF No. 115 at 16 ¶ 86) (emphasis in original).

5

196 (7th Cir. 1992). Therefore, it is not necessary for Matulis, CGA, and CAMC to be joined for the Court to determine whether Allied World is bound under its policies to satisfy any resulting judgment against Day Surgery and DS Holdings in the underlying claims.

With respect to the second prong, Defendants' argument fails Rule 19's "initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Kepler Processing Co., LLC v. New Market Land Co.*, No. 5:08–cv–00040, 2008 WL 4509377, at *6 (S.D. W. Va. Oct. 2, 2008) (citing *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996)). To this point, Defendants make two arguments that attempt to invoke Matulis, CGA, and CAMC's interest in this action. First, as discussed, they contend that the complaint seeks a declaration that these absent parties are not insured under the policies. Second, they argue that Allied World's claims seek to diminish the amount of coverage potentially available to these non-parties or a declaration that the underlying claims are excluded entirely from coverage. Defendants are correct that these claims seek broad declarations as to the availability of coverage for the underlying claims. However, Defendants' argument is based upon a hypothetical scenario. "[Th]e vague possibility that persons who are not parties may have an interest in the action" is insufficient to warrant joinder. 5C Charles A. Wright et al., Federal Practice and Procedure § 1359 (3d ed. 2019). *See also Black Diamond Girl Scout Council, Inc. v. St. Paul Fire & Marine Ins. Co.*, 621 F.Supp. 96, 98 (S.D. W. Va. 1985) (holding that "the potential interests of the parties in the [action] simply do not rise to the level of a protectible interest as required by Rule 19"); *Ohio Valley Envtl. Coal., Inc. v. Hobet Mining, LLC*, 723 F.Supp.2d 886, 915 (S.D. W. Va. 2010) (holding that "[a]n interest does not qualify under Rule 19(a)(1)(B) unless claimed."). Matulis, CGA, and CAMC are not holders of the

6

Allied World policies nor have they sought coverage under the policies for purposes of the underlying claims. Therefore, because the absent parties do not claim an interest relating to the Allied World policies, they are not required to be joined under either prong of Rule 19(a)(1)(B). *See W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 WL 11504833, at *1 (S.D. Fl. Jan. 7, 2010) (stating "where the individual insureds do not claim an interest in the policies, [the insurer] cannot claim one for them.").

Even if these non-parties had an interest in this coverage litigation, Defendants have not shown that either of the absent parties would be unable to protect their interest or one of the existing parties is at risk for multiple or inconsistent obligations. As stated previously, the claims in this action do not seek to strip Matulis, CGA, and CAMC of any rights to coverage that they may theoretically possess. Regardless of the Court's ruling in this action, Matulis CGA, and CAMC could still seek coverage under the Allied World policies and raise claims resulting therefrom in either the underlying state action or in separate federal proceedings. As such, no prejudice to the absent parties will result.

Further, there is no merit to Defendants' argument that, because CAMC is currently involved in litigation with another insurer as to whether multiple lawsuits involving Matulis are "related claims" for purposes of coverage, CAMC may incur inconsistent obligations. This Court's conclusions regarding the existence and extent of coverage under the Allied World policies has no binding effect on CAMC's rights and obligations under another insurance policy issued by a separate insurer. CAMC's obligations in that litigation will necessarily be determined by that separate policy's terms, conditions, and other provisions. *See Jim C. Hamer Co. v. Nautilus Ins. Co.*, No. 2:06-cv-00465, 2006 WL 8439018, at *2 (S.D. W. Va. Nov. 14, 2006) (noting that "[t]he

respective obligations of liability insurers must be determined from the construction of language employed by the insurers in their respective policies.") (citation omitted). No argument is made here that an existing party will face inconsistent obligations without the joinder of Matulis, CGA, and CAMC. The Court therefore declines to speculate as to whether adjudicating the present matter without them might leave one of the existing parties subject to risk of inconsistent obligations.

As the non-joined parties are not necessary to this action, the Court's inquiry ends here. *See Kepler Processing Co., LLC*, at \*6; Fed. R. Civ. P. 19(b) (stating "[o]nly necessary [parties] can be indispensable") (citing *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1285–86 (4th Cir. 1994)). Accordingly, the Court finds that Matulis, CGA, and CAMC are not necessary and indispensable parties. As a result, Defendants' motions to dismiss are **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motions to dismiss. (ECF Nos. 124, 129, 132, 145.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 26, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE